UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ETHAN D. MAIDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-1479 |
| | ) |
| LIBERTY MUTUAL INSURANCE | ) |
| COMPANY and JACK COOPER | ) |
| TRANSPORT COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff's Motion [6] to Remand to the Circuit Court of Madison County, Illinois, and Motion [7] for Sanctions. For the reasons set forth below, Plaintiff's Motion [6] to Remand is Granted in Part, and Plaintiff's Motion [7] for Sanctions is Denied. The Motion [6] being granted in part remands the matter to the Circuit Court of Peoria County in Peoria, Illinois, and not to Madison County, Illinois.

### BACKGROUND

The basis for this action stems from a July 11, 2007, motor vehicle accident resulting in the filing of a personal injury case in Peoria County Circuit Court. Gail and Kurt Karnes were injured in a collision with a truck driven by Ethan Maiden, an employee for Jack Cooper Transport Company, Inc. ("Jack Cooper"). Liberty Mutual Insurance Company ("Liberty Mutual" or "Liberty") insured Jack Cooper. The Karnes' filed a personal injury action in Peoria County against both Maiden and Jack Cooper, and Liberty Mutual hired counsel to defend them.

1

Maiden also had separate counsel for a traffic ticket connected with the accident. During this time, Jack Cooper terminated Maiden's employment.

The attorney Liberty Mutual provided for Maiden, Greg Cerulo, informed Liberty Mutual of an apparent conflict of interest between defendants Maiden and Jack Cooper, as Maiden asserted that the accident resulted from equipment failure and Jack Cooper claimed that the equipment was functioning properly. Cerulo also indicated that information was shared with Jack Cooper's attorney, Stephen Heine. Defendant Maiden hired Brian Wendler as his own counsel for the traffic citation and the personal injury defense after learning of the conflict. Liberty Mutual declined to pay Maiden's counsel because it had already provided Cerulo as counsel for him. Wendler and Cerulo both represented Maiden in the Peoria County action.

When the Karnes' amended their complaint to add punitive damages, Liberty informed Maiden that punitive damages were not covered under the policy. Maiden then filed a counterclaim against Jack Cooper and their affiliate, Auto Handling Corporation, alleging retaliatory discharge and spoliation. Maiden also sought attorney's fees for both the McLean County traffic citation and the personal injury action in Peoria County. In 2011, Liberty settled with the Karnes', but the counterclaim remained pending. Maiden also filed a motion for attorney's fees in the Peoria County action against Jack Cooper and its insurer, seeking to reimburse Wendler for bankruptcy and trustee fees. On October 13, 2011, the Peoria County court denied Maiden's claim for attorney's fees against Jack Cooper. In May of 2014, Maiden filed an amended counterclaim adding additional counts and allegations against Jack Cooper for refusing to pay fees and costs for Maiden's chosen counsel.

On November 3, 2014, Maiden, through his current counsel, Ronald Roth, filed an action in Madison County against Jack Cooper and Liberty Mutual alleging breach of contract,

violation of Section 155 of the Illinois Insurance Code, and conspiracy between Jack Cooper and Liberty Mutual. Liberty Mutual was served on November 17, 2014. The complaint sought to recover attorney's fees for the defense of the underlying personal injury action as well as fees under Section 155 of the Illinois Insurance Code. Jack Cooper and Liberty Mutual filed motions to dismiss pursuant to 735 ICLS 5/2-619(a)(3), and alternatively moved to transfer the case to a more convenient forum because the Peoria County action remained pending.

In response to the defendants' motions, Maiden moved to withdraw his claim for attorney's fees in the Peoria County action and submitted an affidavit from Wendler attempting to clarify the fees requested. That withdrawal states that Maiden does not seek to recover attorney's fees in the Peoria County action, "as such has already been ruled not recoverable under the pleadings herein," and that Maiden was pursuing a claim against Liberty Mutual for those fees in Madison County. Rather, Maiden's withdrawal stated that he was seeking fees for the traffic citation defense. Liberty Mutual challenged the Wendler Affidavit as inconsistent with the Peoria County pleadings.

On October 28, 2015, the Madison County court issued an order dismissing Jack Cooper as a defendant because the Peoria County court already denied Maiden's claim against Jack Cooper (but not as to Liberty Mutual) for attorney's fees in the personal injury action. See E.C.F. Doc. 6, Ex. 1, at 4 (noting that "plaintiff cannot amend his way out of the request given that the court in Peoria denied an attorney fee request for Wendler previously"). That order also granted Liberty Mutual's request to transfer the case to Peoria County, noting that "[w]hile the case involves the attorney's fees of Mr. Wendler, a Madison County resident, Mr. Wendler is not the plaintiff to the action and his interests are not the primary concern of the litigation." *Id*. at 7.

On November 25, 2015, Liberty Mutual filed a notice of removal with this Court, and filed a copy of that notice with the Madison County court on December 7, 2015. On November 30, 2015, Maiden filed a motion to reconsider with the Madison County court. In that motion, Maiden argued that "if the case is transferred to Peoria, then it is likely that the case will be consolidated with existing litigation in Peoria. However, if that is the case, then Defendants in this case, Liberty Mutual and Jack Cooper Transport, will be able to obtain the file of attorney Brian Wendler because his file is relevant on the issue of whether his charges are reasonable." Therefore, Maiden's motion reasoned, "by moving the case to Peoria, the Court creates a substantial risk that Jack Cooper and its insurer will use Wendler's file in both cases" because the same law firm will be employed in both cases. E.C.F. Doc. 6, Ex. 2, at 2.

Liberty Mutual's November 25, 2015, notice of removal incorrectly stated the residency of the parties as the basis for this Court's subject matter jurisdiction. Thus, this Court ordered Liberty to file an amended notice of removal adequately alleging the basis for this Court's jurisdiction. E.C.F. Doc. 2. Liberty filed the amended notice of removal on December 9, 2015. On January 5, 2016, Maiden filed a motion to remand with this Court.

Maiden's motion to remand argues that the motion to reconsider operated to stay the enforcement of the Madison County order transferring the case to Peoria County. Thus, Maiden contends that this Court lacks jurisdiction to hear the case and must remand it to Madison County. E.C.F. Doc. 6, at 2. On January 19, 2016, Maiden filed a supplemental Motion to remand and for sanctions. E.C.F. Doc. 7. In that motion, Maiden argues that although the Madison County court entered an order transferring the case to Peoria County on October 28, 2015, Liberty Mutual did not pay the transfer fee until December 14, 2015, and the case was not transferred until December 23, 2015. Maiden argues that since the transfer was not complete

4

when he filed the motion to reconsider, the case was still pending in Madison County. Because the case was still pending there, Maiden alleges, removal was improper because Madison County is located in the Southern District of Illinois. See E.C.F. Doc. 7.

From the background of this case one can see that the facts would constitute a difficult law school exam question as to venue and jurisdiction. As such, this Court ordered the parties to submit supplemental briefs to address the propriety of the removal as it related to this Court's jurisdiction and the procedural requirements under the applicable removal statutes. This Order follows.

### STANDARD OF REVIEW

A civil action brought in a state court may be removed by a defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). An action that is removed based on diversity of citizenship is improper if any defendant is a citizen of the state in which the action is brought. § 1441(b)(2). Additionally, § 1446(c) places "a one-year limit on removal of diversity cases in situations where a case is not initially removable but becomes removable at a later stage in the proceedings." *Rothner v. City of Chicago*, 879 F.2d 1402, 1418 (7th Cir. 1989).

Removal from a state court is complete, and the federal district court acquires exclusive jurisdiction over the case, once "a removal petition is filed and proper notice is given to adverse parties in state court." § 1446(d); *Schmude v. Sheahan*, 312 F. Supp. 2d 1047, 1078 (N.D. Ill. 2004). Thereafter, the state court is divested of jurisdiction over the case and may not consider motions or enter orders. *Id.*; § 1446(d) ("the State court shall proceed no further unless and until the case is remanded."). Once a case is removed to federal court, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30

days after the filing of the notice of removal under section 1446(a) . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c).

### SUMMARY OF THE COURT'S OPINION

The following analysis proceeds step by step as previously set forth in the background. Part 1 of this Opinion concludes that Maiden's November 30, 2015, motion in the Madison County court to reconsider the October 28, 2015, transfer order did not stay the transfer of the case to Peoria County and the transfer was effective immediately. Part 2 concludes that Liberty's November 25, 2015, notice of removal divested the Peoria County court of jurisdiction. Part 3 concludes that: (a) Liberty's notice of removal was procedurally defective under the one-year limitations period set forth in 28 U.S.C. § 1446(c), and (b) the case did not become "one which is or has become removable" under § 1446(b)(3) by the involuntary dismissal of Jack Cooper. Part 4 concludes that: (a) Maiden's motion to remand was timely under § 1447(c), and the motion sufficiently raised the issue of procedural defects in the removal notice to justify remand. Part 5 denies Maiden's motion for sanctions under § 1447(c) because Liberty had an objectively reasonable basis for removal.

### ANALYSIS

**(1) The Madison County Court's Order Transferring the Case to Peoria County was not Stayed by Maiden's Motion to Reconsider**

The Madison County court's October 28, 2015, order dismissed Jack Cooper as a defendant to the action and transferred the case to Peoria County. Maiden's motion to remand argues that by filing a motion to reconsider in the Madison County court on November 30, 2015, the enforcement of that court's order was stayed and the case remained pending in Madison County. "Because federal procedure does not apply until removal occurs," the Court applies state

rules to conduct before removal. *Price v. Wyeth Holdings Corp.*, 505 F.3d 624 (7th Cir. 2007).

Illinois Supreme Court Rule 187(c)(1) states:

> (c) Proceedings upon granting of motions.
> (1) *Intrastate transfer of action.* The clerk of the court from which a transfer is granted to another circuit court in this State on the ground of *forum non conveniens* shall <u>immediately</u> certify and transmit to the clerk of the court to which the transfer is ordered the originals of all documents filed in the case together with copies of all orders entered therein. In the event of a severance, certified copies of documents filed and orders entered shall be transmitted. The clerk of the court to which the transfer is ordered shall file the documents and transcript transmitted to him or her and docket the case, and <u>the action shall proceed and be determined as if it had originated in that court</u>. The costs attending a transfer shall be taxed by the clerk of the court from which the transfer is granted, and, together with the filing fee in the transferee court, shall be paid by the party or parties who applied for the transfer.

IL S CT Rule 187 (emphasis added).

Thus, it appears that Rule 187 supports Liberty Mutual's position that an intrastate transfer based on *forum non conveniens* operates to transfer jurisdiction to the transferee court immediately by operation of law. That position finds support in Illinois case law as well. See *Ferracuti v. Ferracuti*, 27 Ill. App. 3d 495, 498 (Ill. App. Ct. 1975) ("The order granting a change of venue and specifying the court to which the case shall go even if it is erroneous invests the receiving court with complete jurisdiction of the case."); *Pittsburgh, C., C. & St. L. Ry. Co. v. City of Chicago*, 144 Ill. App. 293, 297 (Ill. App. Ct. 1908), *aff'd sub nom. Pittsburg, C., C. & St. L. Ry. Co. v. City of Chicago*, 242 Ill. 178 (1909) ("Where a change of venue is improperly granted the proper practice for the party complaining seems to be to move to remand the cause to the county from which it was sent, and if the motion is overruled to take an exception."); *Maton Bros. v. Cent. Illinois Pub. Serv. Co.*, 356 Ill. 584, 591, 191 N.E. 321, 324 (1934) ("The change of venue carries with it and confers upon the court to which the change is granted jurisdiction of the parties as well as the subject-matter of the litigation."). Therefore, Maiden's motion to

7

reconsider did not stay the transfer to Peoria County. Having concluded that the action was pending in Peoria County, which is within the Central District of Illinois as required by § 1446(a), the Court turns to the effect of Liberty's notice of removal.

**(2) Liberty's Notice of Removal Divested the Peoria County Court of Jurisdiction**

Liberty Mutual's November 25, 2015, removal stripped the Peoria County court of jurisdiction to entertain motions or enter orders. "Once a removal petition is filed and proper notice is given to adverse parties in state court, the federal district court has exclusive jurisdiction over the case." *Schmude v. Sheahan*, 312 F. Supp. 2d 1047, 1078 (N.D. Ill. 2004) (citing 28 U.S.C. § 1446(d); *Georgia v. Rachel,* 384 U.S. 780, 797 n. 27 (1966)). Thus, any motion filed in the state court after the notice of removal is presented to the district court would "come too late, since by then the state court had lost jurisdiction." *Fox Valley AMC/Jeer, Inc. v. AM Credit Corp.*, 836 F.2d 366, 367 (7th Cir. 1988).

As discussed above, the Madison County court's order transferred the case to Peoria County, and that transfer was effective immediately. Liberty filed its notice of removal with this Court on November 25, 2015, the Madison County court received notice of the removal on December 7, 2015, and Peoria County received notice of the removal on either December 3, 2015, or January 4, 2016. See E.C.F. Doc. 7-1, at 5; *Maiden v. Liberty Mutual et al.*, Case No. 15-L-00266 (Peo. Cnty. Ct. Dec. 3, 2015). When the Peoria County court received notice of the removal, exclusive jurisdiction over the case rested with this Court. See *Schmude*, 312 F. Supp. 2d at 1078; 28 U.S.C. § 1446(d) ("the State court shall proceed no further unless and until the case is remanded."). Thus, having established that the action was (1) pending in Peoria County, and (2) the notice of removal divested the state court of jurisdiction, the Court next analyzes whether Liberty's removal complied with the procedural requirements of the removal stautes.

**(3) Liberty's Removal was Defective**

*(a) Liberty's Removal was Untimely Under § 1446(c)'s One-Year Limitations Period*

Section 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, section 1446(c) limits removal of actions that were not initially—but later became—removable by restricting the time to file the notice of removal to one year after commencement of the action. § 1446(c); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 65 (1996) ("Grounding federal jurisdiction on diversity of citizenship . . . Caterpillar satisfied with only a day to spare the statutory requirement that a diversity-based removal take place within one year of a lawsuit's commencement.").

Under Illinois law, an action is commenced by the filing of the complaint. 735 ILCS 5/2-201(a); *Stigleman v. Wal-Mart Stores, Inc.*, No. 16-1060, 2016 WL 1611577, at *3 (C.D. Ill. Apr. 22, 2016). Here, Maiden commenced this action on November 3, 2014, by filing a complaint in the Madison County state court. The notice of removal was filed on November 25, 2015, more than a year after the complaint was filed. Thus, Liberty's removal was untimely, and an untimely removal is a procedural defect that, upon a timely motion by Plaintiff, justifies remand. See § 1447(c).

*(b) The Case did not Become Removable by Jack Cooper's Dismissal*

In addition to Liberty's removal being untimely under § 1446(c), Liberty's removal was defective under § 1446(b)(3). Removal of a civil action to federal court is proper so long as the action is one "which the district courts of the United States have original jurisdiction." 28 U.S.C.

9

§ 1441(a). Thus, because district courts have original jurisdiction over actions meeting the requirements for diversity of citizenship, removal may be based on diversity jurisdiction. See §§ 1332, 1441; *Tylka v. Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (stating that removal is proper for any action that could have been filed originally in federal court). Generally, diversity must be present both at the time the complaint is filed and when it is removed. See *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986).

Where an action is initially not removable because of the presence of a non-diverse defendant, whether the diversity-destroying defendant's dismissal makes the case removable depends on whether the dismissal was voluntary. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992). The so-called "voluntary/involuntary rule" allows removal only when the plaintiff voluntarily dismisses a non-diverse defendant. *Id*. at 72. The Seventh Circuit articulated the dual purpose of the voluntary/involuntary rule in *Poulos*, stating:

> The voluntary/involuntary rule serves two purposes. First, the rule contributes to judicial economy. Removal following an involuntary dismissal may be only temporary: the plaintiff may appeal the dismissal in state court, and success on appeal would lead to the reinstatement of the non-diverse party, destroying federal jurisdiction and compelling remand to the state court. *Quinn v. Aetna Life & Casualty Co.,* 616 F.2d 38, 40 n. 2 (2d Cir.1980). We are anxious to avoid this sort of yo-yo effect. Second, some courts have invoked a general principle of deference to the plaintiff's choice of forum. *See, for example, Self,* 588 F.2d at 659; *Insinga v. La Bella,* 845 F.2d 249, 253 (11th Cir.1988). Allowing removal only when the plaintiff voluntarily dismisses a defendant ensures that the plaintiff will not be forced out of state court without his consent.

*Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992).

Here, the original parties to this case were Ethan Maiden, a citizen of Missouri, Jack Cooper, a Delaware corporation with its principal place of business in Kansas City, Missouri, and Liberty Mutual, a Massachusetts corporation with its principal place of business in Boston, Massachusetts. The action was not initially removable because Maiden and Jack Cooper were

both citizens of Missouri, so § 1446(b)(3)'s procedure for removal of actions not initially removable applies. And the Madison County court's October 28, 2015, order dismissing Jack Cooper was not voluntary because Maiden did not "initiate[] the dismissal." See *Poulos*, 959 F.2d at 72 n. 3; *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976-77 (8th Cir. 2011). Therefore, Liberty Mutual's removal of this action was not only untimely under § 1446(c), but also improperly removed under § 1446(b)(3) because Jack Cooper's involuntary dismissal did not operate to make the case removable. Having established that Liberty's removal was procedurally defective, the Court next addresses the effect of Maiden's motion to remand.

**(4) Maiden's Motion to Remand was Timely and Sufficient to Justify Remanding the Action to Peoria County**

### *(a) Maiden's Motion to Remand was Timely*

Liberty Mutual argues that this Court should not consider Plaintiff's motion to remand because it was not timely filed. As previously stated, Liberty's notice of removal was filed on November 25, 2015, but because the notice failed to allege a sufficient basis for this Court's jurisdiction, Liberty filed an amended notice on December 9, 2015. Plaintiff's motion to remand was filed on January 5, 2016. The motion to remand alleged that this Court lacks jurisdiction to hear the case, and requested that the matter be remanded to Madison County. Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." § 1447(c); *Matter of Cont'l Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994). A defective notice of removal may be cured by post-removal amendment so long as jurisdiction in fact existed at the time of removal. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 654 (7th Cir. 1998); *N. Illinois Gas Co. v. Airco Indus. Gases, A Div. Of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982) ("A removal petition may be amended freely within the thirty day period.").

When an original notice of removal is amended, the 30 day period for filing a motion to remand is reset. See *Williams v. Wal-Mart Stores, Inc.*, 534 F. Supp. 2d 1239, 1242 (M.D. Ala. 2008) ("[W]ith Wal-Mart's filing of its amended removal notice, Williams had another 30-day time period to file a remand motion."); *Jones v. City of Buffalo*, 867 F. Supp. 1155, 1167 (W.D.N.Y. 1994); see also § 3739 *Remand*, 14C FED. PRAC. & PROC. JURIS. § 3739 (4th ed.). Thus, because Liberty Mutual's initial notice of removal did not provide a sufficient basis for this Court's jurisdiction, Maiden's January 5, 2016, motion to remand was timely filed within 30 days of Liberty's December 9, 2015, amended notice of removal. Having determined that Liberty's removal was procedurally defective and Maiden's motion to remand was timely, the final step in the removal analysis is whether Maiden's timely motion sufficiently alleged defects in the removal so as to justify remand.

### *(b) Maiden's Motion was Sufficient to Justify Remand*

Maiden's motion to remand asserted that removal was improper because the motion to reconsider in Madison County operated to stay enforcement of the order dismissing Jack Cooper and transferring the action to Peoria County. Thus, Maiden claims that this Court lacks jurisdiction because (1) Jack Cooper remained a party to the case, so diversity jurisdiction was lacking, and (2) the action was pending in Madison County, so the action should have been removed to the Southern District of Illinois. Although Maiden frames the issue as one of subject matter jurisdiction rather than a defect in the removal procedure, Maiden's motion to remand sufficiently raised the issue of procedural defects in Liberty's removal so as to justify remand to state court. See *Rodas v. Seidlin*, 656 F.3d 610, 623-24 (7th Cir. 2011) (explaining common but incorrect practice of referring to removal defects as jurisdictional rather than procedural).

Specifically, Liberty argued in response to Maiden's motion that removal was proper because Jack Cooper's dismissal made the case removable under § 1446(b)(3). But the text of § 1446(b)(3) begins with the language, "Except as provided in subsection (c)." And § 1446(c) expressly prohibits removal under subsection (b)(3) more than one year after the action was commenced. Thus, "§ 1446(b) does not vindicate [Liberty's] strategy." See *In re Mut. Fund Mkt.-Timing Litig.*, 495 F.3d 366, 368-69 (7th Cir. 2007) ("Defendants invoked § 1446(b) in response to plaintiffs' motion; the district court held that § 1446(b) does not vindicate defendants' strategy. Such a holding does not invent an extra-statutory ground of remand; it just implements a statutory ground.").

Liberty bears the burden of demonstrating removal is proper, and the procedural requirements for removal are mandatory and strictly applied. See *Stigleman*, 2016 WL 1611577 (C.D. Ill. April 22, 2016). Liberty did not meet that burden because their removal was defective under § 1446(b)(3) and untimely under § 1446(c). Maiden properly preserved objections to the removal procedure by filing a timely motion to remand, regardless of whether or not that motion specifically raised § 1446(b)(3) as a basis for remand. See *In re Mut. Fund Mkt.-Timing Litig.*, 495 F.3d 366, 368-69 (7th Cir. 2007) ("Plaintiff's motions to remand did not need to anticipate and refute the defendants' potential response to the problems the motions identified."); *BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 471 (5th Cir. 2012) ("[T]he district court acted within its statutory authority because the remand motion was timely and the basis for remand was a permissible Section 1447(c) ground."). Having determined that Maiden's motion to remand complied with § 1447(c)'s procedural requirements, the Court remands this action to the Peoria County court for further proceedings. Finally, the Court turns to Maiden's motion for sanctions.

**(5) Maiden's Motion for Sanctions**

Maiden's supplemental motion included a request for sanctions, which the Court construes as a request under § 1447(c) for costs and attorney's fees incurred as a result of the removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005). Here, Liberty Mutual had an objectively reasonable basis for removing the case to this federal court. Jack Cooper, the diversity destroying party had been dismissed, and Liberty's prior attempt at removal resulted in an order from a district judge from the Southern District of Illinois that stated:

> Furthermore, it appears that the conduct at the root of this lawsuit arises from legal representation provided in Peoria, Illinois, related to a traffic accident that occurred in Peoria County, Illinois, within the Central District of Illinois. There is no indication that this case has any connection to the Southern District of Illinois other than the fact that the defendants may conduct business in this district, and there is no indication that the plaintiff's claim has anything to do with the defendant's business in the Southern District of Illinois. This leads the Court to doubt whether this case belongs in the Southern District of Illinois. For this reason, the Court ORDERS plaintiff Maiden to SHOW CAUSE on or before January 9, 2015, why the Court should not transfer this case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1404(a).

*Maiden v. Liberty Mutual*, Case No. 14-1388 (S.D. Ill. Dec. 22, 2014).

Thus, Liberty had an objectively reasonable basis for removal, and the Court exercises its discretion not to award costs and fees in this case. *Martin*, 546 U.S. at 141.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion [6] to Remand is Granted in Part, and Plaintiff's [7] Motion for Sanctions is Denied. The Motion [6] being granted in part remands the matter to the Circuit Court of Peoria County in Peoria, Illinois, and not to Madison County, Illinois.

This matter is now terminated.

      Signed on this 3rd day of June, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
